**TRI–COUNTY METROPOLITAN TRANSPORTATION District of Oregon, an Oregon municipal corporation, Plaintiff—Appellant,**

v.

**BUTLER BLOCK, LLC, a Delaware limited liability company, Defendant—Appellee.**

No. 08–35512.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2009.

Filed July 16, 2009.

Amy Edwards, Joel A. Mullin, Esquire, James N. Westwood, Stoel Rives LLP, Portland, OR, for Plaintiff–Appellant.

Michael H. Simon, Cody M. Weston, Perkins Coie, LLP, Portland, OR, for Defendant–Appellee.

Before: PREGERSON, RYMER and TASHIMA, Circuit Judges.

MEMORANDUM *

Tri–County Metropolitan Transportation District of Oregon (Tri–County) appeals the district court's dismissal of its action against Butler Block, LLC (Butler) for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Regardless of whether one looks to Delaware law or Oregon law to determine the effect of SIP Management, LLC's (SIP) administrative dissolution, it remains a member of Butler. *See* Del.Code tit. 6, §§ 18–304(2) & 18–801(a)(1–5) (indicating membership is terminated upon dissolution but not defining dissolution in a way that includes a temporary administrative dissolution for the failure to pay fees); Or.Rev. Stat. § 63.637(1–2) (indicating an administratively dissolved company "continues its existence" and that administrative dissolution does not "[p]revent commencement of a proceeding by or against the limited liability company in its limited liability company name").

Because SIP was still a member of Butler at the time Tri–County filed suit, SIP's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

citizenship was relevant for purposes of determining diversity of citizenship. As a limited liability company, Butler is deemed to be a citizen of all states where its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir.2006). Because both SIP and Tri–County are citizens of Oregon, complete diversity is lacking, and dismissal for lack of subject matter jurisdiction was appropriate. *See* 28 U.S.C. § 1332(a); *cf. Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

**AFFIRMED.**